ness.   Such invasion of the province of the jury should not be disregarded in this court, unless at least a verdict ought to have been directed in the first instance.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.   All concur.

(109 App. Div. 850)

### POPADINEC v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE.

In an action for personal injuries, plaintiff claimed to have received permanent injuries to his eyesight, and testified that after the accident he had been unable to perform any work.   A verdict was rendered for plaintiff, and afterwards defendant moved for a new trial, on the ground of newly discovered evidence to the effect that after the accident plaintiff had worked at different places without apparent difficulty from defective eyesight, and that in a previous action brought by plaintiff against another defendant for personal injuries suffered at another time he had testified that his eyesight was permanently injured.   Due diligence on defendant's part in preparing the case for trial, and the fact that the evidence was not discovered until after the trial, were sufficiently shown. *Held*, that a new trial should have been granted.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 226.]

Hirschberg, P. J., and Hooker, J., dissenting.

Appeal from Trial Term, Queens County.

Action by Andrew Popadinec against the Manhattan Railway Company.   From an order denying a new trial, defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, HOOKER, and MILLER, JJ.

Alfred A. Gardner, for appellant.

Ira B. Wheeler, for respondent.

MILLER, J.   Defendant appeals from an order denying a motion for a new trial on the ground of newly discovered evidence relating to the question of damages, one of the important questions litigated on the trial.   The plaintiff claimed to have received permanent injuries to his eyesight, and testified that after the accident resulting in such injuries he had been unable to perform any work.   The alleged newly discovered evidence consists of evidence to the effect that after the accident the plaintiff worked at different places without apparent difficulty from defective eyesight, and that in a previous action brought by plaintiff in the City Court against another defendant for personal injuries he testified that his eyesight was permanently injured.   It further appears that knowledge of this evidence was brought to the defendant after the trial of this action, and affidavits are produced tending to show due diligence on the part of the defendant in the preparation of the case for trial.   The learned justice before whom the case was tried, on denying the motion for a new trial, delivered an opinion in which he said:

"If the proof substantiated this claim [referring to the claim that the plaintiff had testified in the previous suit to the permanent injuries to his eyesight], I would have no hesitation in setting aside the verdict; but it does not substantiate it."

This conclusion was evidently based upon the fact that the complaint in said former action did not allege an injury to the eyesight, although it did allege an injury to the head and face from burning. We think the learned justice did not give due weight to the affidavit of the attorney who says he was present at the trial of said former action, and that "it was testified to by the plaintiff and his physician that his hair was singed off, that he lost his eyebrows, that his sight was permanently injured, if not destroyed," and the affiant says he will so testify upon a retrial of this action. It must be manifest that this evidence would be likely to change the result.

The defendant has brought itself within the rules prescribing the conditions upon which new trials for newly discovered evidence will be granted, and I therefore recommend that the order be reversed, with costs, and the motion granted on the usual terms.

Order denying motion for new trial reversed, with costs, and motion granted, upon payment by the appellant, within 20 days, of the costs of the trial and all disbursements in the action to date, together with the cost of this appeal. If this condition is not complied with, judgment and order affirmed, with costs.

BARTLETT and JENKS, JJ., concur. HIRSCHBERG, P. J., and HOOKER, J., dissent.